IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES GOBER, Register No. 1128406, )
)
        Plaintiff, )
)
        v. )    No. 07-4171-CV-C-NKL
)
JILL McGUIRE, et al., )
)
        Defendants. )

## REPORT AND RECOMMENDATION

    Plaintiff James Gober was granted leave to proceed in forma pauperis in October 2007 on his claim related to the reading and confiscation of some of his legal mail. Plaintiff claims that his legal mail was taken by two caseworkers and that he received only a copy made by Superintendent Allen. Defendants McGuire, Allen, Scott, Spalding and Grace assert plaintiff's claim should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim for which relief can be granted. Plaintiff responded in opposition to the motion.[1]

### Legal Standard

    "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

**The Mail Incident**

Although the statement portion of plaintiff's complaint gives little fact about the incident giving rise to this lawsuit, he has attached his grievance documents which detail the event.

On May 21, 2007, plaintiff was called to the caseworkers' office to get his legal mail. The envelope was from The Midwestern Innocence Project in Kansas City, Missouri. As directed, he opened the mail in the presence of a caseworker, Kenneth Grace. When plaintiff removed the letter, four stamps fell out of the envelope.[2] Before plaintiff could read it, Grace took it from him and read it. He would not let plaintiff see it or advise him of the contents. When plaintiff requested the return of the letter on May 22, 2007, he was told it had been sent to Superintendent Allen for a decision on whether plaintiff could have it. Later that day, he received a copy of the mail, but not the original.

He did not receive the stamps and was not permitted to send them out of the institution. Plaintiff states he was told that, pursuant to policy, the stamps should have been confiscated as contraband, but he should have been given a "removal of property" slip and the original letter.

Plaintiff submitted additional exhibits which included a photocopy of the pages and the envelope which he received on May 22, 2007. (Doc. 7.) The envelope is addressed to Mr. Tipton and the return address is for The Midwestern Innocence Project. The return address does not have the name of an attorney on the envelope and it is not stamped "legal mail" or "confidential."

Plaintiff was attempting to obtain legal representation from the Innocence Project, and the correspondence related to that matter. It did not contain legal advice, refer to the merits or issues in plaintiff's criminal case, or otherwise indicate the agency was representing or would represent plaintiff.

Responses to plaintiff's grievance documents indicate that before it was opened, prison officials thought the mail might have been privileged. Once it was opened and the stamps fell

---

[2]Institutional policy prohibits the receipt of stamps from outside sources and does not permit an inmate to keep them if they are received. Inmates must purchase their stamps from the canteen within the institution.

2

out, it was mail containing contraband.  Upon reviewing the matter and departmental policy, officials concluded that the outside of the envelope did not state it was from an attorney and thus, it was not privileged legal mail.

In a grievance response, the superintendent told plaintiff that institutional policy defined privileged mail as: "Mail being sent to or received from, consulates, judges, attorneys, courts, elected and appointed state officials, sheriffs, chief administrative officers, associates/assistant and central office section heads.  Mail received from privileged categories will be determined by the return address on the envelope."  (Doc. 1, Exh.)

## Discussion

Defendants McGuire and Spalding initially seek dismissal for plaintiff's failure to allege any direct personal involvement by them in the incident.  Plaintiff responds that "all defendants are in their official capacity, McGuire being head superintendant [sic], and Spalding being Functional Unit Manager."  (Doc. 14.)  Plaintiff provides no additional facts or legal support for his claim against these defendants.

Thus, he appears to name defendants McGuire and Spalding in their supervisory or administrative capacities.  A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions.  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990).  Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation.  Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Accordingly, defendants' motion will be recommended granted with respect to the claims against McGuire and Spalding.

Defendants Grace, Scott and Allen also request dismissal for plaintiff's failure to state a claim.  They claim the correspondence was not legal mail and plaintiff has not shown he suffered an actual injury or prejudice in a nonfrivolous case.

3

Plaintiff asserts his mail was legal and the letter was authored by an attorney. He states Allen copied his mail, Grace and Scott confiscated the mail and read it, and he was seeking representation for post-conviction relief.

An inmate's privileged mail may not be opened for inspection for contraband outside of the inmate's presence, but it may be opened in his presence. Prison officials should not read the contents, but they may check it for contraband. Privileged mail is defined by the Supreme Court as mail to or from an inmate's attorney and identified as such. Wolff v. McDonnell, 418 U.S. 539, 574-77 (1974); Jensen v. Klecker, 648 F.2d 1179, 1182-83 (8th Cir. 1981). Not all mail from legal sources, however, constitutes privileged mail. Harrod v. Halford, 773 F.2d 234 (8th Cir. 1985).

A prison's policy with regard to what is considered legal mail, and how legal mail will be handled, may be more generous to inmates than what the United States Supreme Court has defined as the minimal protections afforded to inmates. Moore v. Schuetzle, 354 F. Supp. 2d 1065, 1079 (N.D. 2005) (citing Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998)). Thus, to state a claim under 42 U.S.C. § 1983, plaintiff must show the deprivation of a constitutional right and not just a violation of institutional policy. Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997).

In this case, plaintiff's incoming mail was not marked privileged and the envelope did not have the name of the attorney on it. It may or may not have been legal mail in the constitutional sense, and the courts have not clearly decided whether general correspondence from an Innocence Project is legal mail when it is not marked privileged or confidential on the envelope.

If it was privileged mail, which remains an issue, plaintiff has not alleged any facts showing that he suffered an actual injury or prejudice in any case because of the incident. He does not state his cases were harmed or interfered with or that the incident prevented him from otherwise proceeding with his case. He did not respond to defendants' argument that he suffered no injury or prejudice, and thus, does not appear to dispute the issue.

To state a claim, plaintiff must allege, and ultimately prove, facts showing he suffered an actual injury or prejudice in his legal proceedings. Stockdale v. Dwyer, 2007 WL 2994316

4

(E.D. Mo. Oct. 11, 2007); Johnson v. Hamilton, 452 F.3d 967, 974 (8th Cir. 2006). Plaintiff has not done so in this case.

Also, an isolated incident, without evidence of improper motive or resulting interference with the right to counsel or access to the courts, does not give rise to a constitutional violation. Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997). Plaintiff has not alleged facts showing defendants had an improper motive or that his right to counsel or access to the courts was hampered. Within approximately 24 hours after the mail was opened by plaintiff, found to contain contraband, and confiscated, plaintiff received a copy of the correspondence. If institutional policy was violated by the confiscation and retention of the original letter, that violation does not also show a violation of the Constitution. At most, it is an isolated incident in which institutional policy may or may not have been followed, and plaintiff was not injured or prejudiced in any legal proceedings.

Accordingly, it is

RECOMMENDED that defendants' motion of December 3, 2007, to dismiss for failure to state a claim be granted and plaintiff's claims be dismissed. [10]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 31st day of March, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge